# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 08-374-12 |
| | ) |
| JEROME LAMONT KELLY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

On September 20, 2017, the court entered a memorandum opinion and order denying two pro se motions for post-conviction discovery submitted by defendant Jerome Lamont Kelly ("Kelly"): (1) a petition for disclosure of grand jury matters under Rule 6(e)(3)(E)(i) (ECF No. 1134); and (2) a petition for the government to turn over discovery, exculpatory evidence, and all applications, affidavits, progress reports, and authorizations for interception orders for a wiretap (ECF No. 1135). The government filed responses in opposition to the motions on September 6, 2017. On September 25, 2017, Kelly filed a motion requesting more time to reply to the government's position regarding the grand jury issue. (ECF No. 1142). Attached to the motion was Kelly's reply brief regarding the wiretap discovery. (ECF No. 1142-2). On October 2, 2017, Kelly filed his reply brief on the grand jury issue and a motion for "reconsideration/appeal" (ECF No. 1143), which the court construes as a motion for reconsideration of the September 20, 2017 opinion and order.

The court GRANTS Kelly's motion for extension of time (ECF No. 1142). The court has considered the arguments presented by Kelly in both of his reply briefs.

A motion for reconsideration is ordinarily granted only (1) if there is "an intervening change in the controlling law," (2) it involves the presentation of "new evidence" that was not

available at the time of the ruling in question, or (3) to address the "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The court concludes the instant motion for reconsideration does not meet any of these grounds for relief.

As explained in the September 20 opinion, grand jury proceedings are generally secret and are entitled to a "strong presumption of regularity." The court's electronic filing system contains a superseding indictment naming Kelly as a defendant and signed by the grand jury foreperson. (ECF No. 205). Kelly's subjective belief that there was no grand jury and he was never indicted is not sufficient to entitle him to invade the secrecy of the grand jury.

Kelly's effort to relitigate his motion to suppress the wiretap evidence fares no better. As the court previously explained in the September 20, 2017 opinion, discovery now would be futile. Kelly filed a motion to suppress the wiretap prior to his trial and the court found that he lacks standing to challenge the wiretap. Kelly failed to challenge that finding in his direct appeal. "[I]ssues which should have been raised on direct appeal may not be raised with a § 2255 motion." *United States v. Travillion,* 759 F.3d 281, 288 n. 11 (3d Cir. 2014) (citing *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (refusing to allow defendant to relitigate motion to suppress wiretap)). The court adheres to its September 20, 2017 decision.

An appropriate order follows.

October 24, 2017              /s/ Joy Flowers Conti
                                                    Joy Flowers Conti
                                                    Chief United States District Court Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 08-374-12 |
| | ) | |
| JEROME LAMONT KELLY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 24th day of October, 2017, it is hereby ordered that for the reasons set forth in this memorandum opinion, Kelly's motion for extension of time to file reply briefs (ECF No. 1142) is GRANTED; and Kelly's motion for reconsideration (ECF No. 1143) is DENIED.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Court Judge