# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.  08-374-12 |
| | ) | |
| JEROME LAMONT KELLY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Defendant Jerome Lamont Kelly ("Kelly") filed a pro se § 2255 motion (ECF No. 1166), the merits of which will not be addressed in this opinion because it is not yet ripe for decision. Kelly filed two motions regarding the briefing of the § 2255 motion: (1) a motion to compel the government to send copies of all relevant documents (ECF No. 1198); and (2) a motion for default judgment against the United States (ECF No. 1204). The government filed a response in opposition to the motions. (ECF No. 1211).


I.   Factual and Procedural Background

On April 17, 2012, Kelly and co-defendant Alonzo Lamar Johnson ("Johnson") were convicted by a jury of conspiracy to distribute cocaine. On July 30, 2013, Kelly was sentenced to a term of imprisonment of 240 months. Kelly filed a direct appeal and his conviction and sentence were affirmed. (ECF No. 1111).

On September 20, 2017, the court issued an opinion denying Kelly's post-conviction motions for discovery of grand jury proceedings and wiretap evidence. On October 24, 2017, the

court denied Kelly's motion for reconsideration. Kelly filed a notice of appeal. On October 18, 2018, the court of appeals summarily affirmed this court's decisions.[1]

On April 17, 2018, Kelly filed a pro se § 2255 motion, with a supplement on April 23, 2018. (ECF Numbers 1166, 1168). The government was ordered to respond to the motion by June 11, 2018. On June 8, 2018, the government filed a motion for extension of time, which the court granted. The court ordered the government's response to be filed by July 10, 2018. (ECF No. 1178). The government failed to do so. On August 1, 2018, the government filed another motion for extension of time. (ECF No. 1187). On August 2, 2018, the court issued an order for the government to show cause why it should not be sanctioned for its failure to timely respond. The government filed its response to the "show cause" order on August 3, 2018. (ECF No. 1189). On August 8, 2018, the court granted the government an extension of time until September 1, 2018. (ECF No. 1191).

On August 30, 2018, Kelly filed a motion to compel the government to send him copies of all documents pertaining to his § 2255 motion. (ECF No. 1198). Kelly's motion was written on August 22, 2018. Kelly represented that as of that date, he had not received the government's filings at ECF Numbers 1187 and 1189.

The government filed its substantive response to Kelly's § 2255 motion on September 4, 2018. (ECF No. 1201). The court takes judicial notice that September 4, 2018, was the Tuesday after the Labor Day holiday. In its response, the government requested various pieces of documentary evidence and correspondence with counsel on which Kelly based his claims. On September 26, 2018, Kelly submitted copies of his correspondence with counsel and a

---

[1] The government's concerns about piecemeal litigation and this court's jurisdiction to rule on the § 2255 motion are therefore moot.

supporting affidavit.  (ECF Numbers 1206-1208).  The court granted Kelly's motion to file a reply brief by November 13, 2018.

On September 19, 2018, Kelly filed a motion for default judgment, based on the government's alleged failure to comply with the September 1, 2018 filing deadline.  (ECF No. 1204).[2]  On October 1, 2018, the government filed a response in opposition to the motion for default judgment.  (ECF No. 1211).


II.  Legal Analysis

The briefing schedule in this case has been unduly prolonged.  Kelly has a significant liberty interest in the expeditious resolution of his § 2255 challenge to his conviction and sentence.  The government acknowledges that it inadvertently failed, without explanation, to comply with the court's deadline to file its response by July 10, 2018.

It appears that Kelly receives the government's filings, albeit not always in the most timely manner.  The matters involving the filings at ECF Numbers 1187 and 1189 have been resolved. The government filed its response to the "show cause" order and the court granted the government's motion for an extension of time to file its position.  In the exercise of caution, the government is ordered to resend those documents to Kelly.  Kelly not only received the government's substantive response to his § 2255 motion (ECF No. 1201), he responded to the government's requests for documents made in that response.  Kelly, therefore, is able to file his reply brief and address the government's substantive arguments about his § 2255 motion.  In accordance with the foregoing, the motion to compel the government to send copies of all

---

[2] Kelly signed the motion on September 12, 2018 – before he received the government's September 4, 2018 filing. Kelly subsequently informed the court that he received the government's response on September 13, 2018.  (ECF No. 1206).

relevant documents (ECF No. 1198) will be GRANTED IN PART as to ECF Numbers 1187 and 1189 and DENIED in all other respects.

Kelly's motion for default judgment must be denied for two separate reasons. First, the government's response on September 4, 2018 was not untimely first. Second, even if it was untimely, default judgment is never an appropriate remedy regarding a § 2255 motion.

The government's response was timely filed. Rule 12 of the Rules Governing § 2255 Proceedings incorporates the federal rules of civil and criminal procedure to the extent they are not inconsistent. Federal Rule of Criminal Procedure 45 governs the computation of time. Rule 45(a)(1)(C) provides that if the last day of a period falls on a Saturday, Sunday, or legal holiday, the period continues to run until "the end" of the next work day. In this case, the court ordered the government's response to be filed by September 1, 2018, which was a Saturday. Monday, September 3, 2018, was Labor Day, a court holiday. By rule, the filing period continued to run until the next work day, which was Tuesday, September 4, 2018. A filing is timely if filed on the court's electronic filing system any time that day, even if the court has closed. In this case, the government's response was filed at 9:55 p.m. on September 4, 2018. It was timely filed.

In any event, the court cannot enter default judgment against the government in this case. As explained in *Norwood v. United States*, No. CV 15-2996, 2015 WL 5822874 (D.N.J. Sept. 30, 2015), if the court entered a default judgment without reaching the merits of the § 2255 motion, "it would not be the defaulting party but the public at large that would be made to suffer by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them." *Id*. at *3 (citing *United States v. Dill*, 555 F.Supp.2d 514, 521 (E.D. Pa. 2008)); *United States v. Greenslade*, No. 04–405–05, 2009 WL 1507290, at *2 (M.D.

Pa. May 28, 2009) ("default judgments are not appropriate in § 2255 motions"). Kelly's motion for default judgment against the United States (ECF No. 1204), must therefore be DENIED.

III. Conclusion

In order for the court to promptly resolve the merits of Kelly's § 2255 motion, the briefing must be complete. The motion will be ripe for decision upon Kelly's filing of a reply brief and no later than November 13, 2018. The parties are directed to focus on the merits of the underlying substantive claims, rather than engage in further motion practice about the briefing schedule. As explained above, Kelly's motion to compel the government to send copies of all relevant documents (ECF No. 1198) will be GRANTED IN PART as to ECF Numbers 1187 and 1189 and DENIED in all other respects; and his motion for default judgment against the United States (ECF No. 1204) will be DENIED.

An appropriate order follows.

October 29, 2018                    /s/ Joy Flowers Conti
                                    Joy Flowers Conti
                                    Chief United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.  08-374-12 |
| | ) | |
| JEROME LAMONT KELLY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 29th day of October, 2018, it is hereby ordered that for the reasons set forth in this memorandum opinion, defendant Jerome Kelly's motion to compel the government to send copies of all relevant documents (ECF No. 1198) is GRANTED IN PART as to ECF Numbers 1187 and 1189 and DENIED in all other respects; and his motion for default judgment against the United States (ECF No. 1204) is DENIED.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Court Judge