IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.  08-374-12 |
| | ) | Civil No. 22-590 |
| JEROME LAMONT KELLY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the court is a motion (ECF No. 1413) filed pro se by defendant Jerome Lamont Kelly ("Kelly").  The court interpreted the motion as a § 2255 motion to vacate his conviction and sentence and the clerk's office opened Civil Action No. 22-590.  Kelly contends that his conviction and sentence are illegal based on *Alleyne v. United States*, 570 U.S. 99 (2013).  The government interpreted Kelly's motion as seeking appointment of counsel, although the government argued that the court lacks subject-matter jurisdiction to consider a second or successive § 2255 motion by Kelly (ECF No. 1417).  Kelly filed a reply (ECF No. 1429) and his motion is ripe for decision.

### I.      Factual and Procedural Background

Kelly previously filed a § 2255 motion (ECF No. 1166).  The court denied it in an opinion and order dated July 30, 2019 (ECF No. 1244).  The Third Circuit Court of Appeals declined to grant a certificate of appealability, concluding that Kelly failed to make a substantial showing that his constitutional rights were violated (ECF No. 1264).

On April 17, 2012, Kelly and co-defendant Alonzo Lamar Johnson ("Johnson") were convicted by a jury of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or

more of crack cocaine.  On July 30, 2013, Kelly was sentenced to the statutory mandatory

minimum term of imprisonment of 240 months.  Kelly filed a direct appeal and his conviction

and sentence were affirmed by opinion dated December 4, 2015.  (ECF No. 1111).  Kelly's

petition for rehearing en banc was denied on May 26, 2016, and his petition for certiorari was

denied on April 17, 2017.

Kelly filed his § 2255 motion on April 17, 2018, exactly one year later.  Kelly filed a

supplement on April 23, 2018.  (ECF Nos. 1166, 1168).  The timing of the briefing was

extended.  As noted, the court denied Kelly's § 2255 motion on July 30, 2019 (ECF No. 1244).

As relevant to the pending motion, Kelly asserted an argument based on *Alleyne* in his

reply brief for his original § 2255 motion, namely, that a jury was required to determine the

amount of cocaine attributable to him.  Over the government's objection that Kelly waived this

argument, the court considered the *Alleyne* argument as a basis for ineffective assistance of

counsel and rejected Kelly's argument on the merits, as follows:

> The government argues that Kelly waived this issue at trial.  On April 13, 2012,
> the court engaged in a discussion with the parties about charging the jury on lesser
> included offenses.  Kelly, after consulting with counsel and a colloquy with the
> court, knowingly agreed to give up the opportunity to be found guilty of a lesser
> offense based on a lower quantity of cocaine.  If he had been found guilty of a
> lesser amount, it would have resulted in a lesser (or perhaps no) mandatory
> minimum sentence.  (ECF No. 850, Tr. at 14-19).  Counsel cannot be faulted for
> failing to pursue this issue, when Kelly made the decision.  The drug quantity was
> submitted to the jury, and it found that 5 kilograms or more of cocaine and 28
> grams or more of crack were involved in the overall conspiracy.  (Verdict, ECF
> No. 809).   It was not necessary for the jury to make a finding about the amounts
> individually attributable to Kelly.  As explained in *Hardwick v. United States*, No.
> CV 12-7158, 2018 WL 4462397, at *14 (D.N.J. Sept. 18, 2018):
>
>> [i]n drug conspiracy cases, *Apprendi* requires the jury to find only the drug
>> type and quantity element as to the conspiracy as a whole, and not the drug
>> type and quantity attributable to each co-conspirator. The finding of drug
>> quantity for purposes of determining the statutory maximum is, in other
>> words, to be an offense-specific, not a defendant-specific, determination.
>> The jury must find, beyond a reasonable doubt, the existence of a

conspiracy, the defendant's involvement in it, and the requisite drug type and quantity involved in the conspiracy as a whole.

*United States v. Whitted*, 436 F. App'x 102, 105 (3d Cir. 2011) (quoting *United States v. Phillips*, 349 F.3d 138 142-43 (3d Cir. 2003)), <u>vacated and remanded on other grounds sub nom.</u> *Barbour v. United States*, 543 U.S. 1102 (2005).

As noted above, the court of appeals affirmed Kelly's conviction and under the circumstances, he cannot show prejudice.

(ECF No. 1244 at 15-16).

## II.     <u>Standard of Review</u>

In an opinion dated January 14, 2020, the court previously explained to one of Kelly's co-defendants in this case (Eric Alford) the procedures that must be followed <u>before</u> this court can consider a second § 2255 petition. In short, the United States Court of Appeals for the Third Circuit must first grant him permission to do so. As this court explained:

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. That right is subject to stringent procedural and substantive requirements that an applicant must satisfy in order to file a second or successive § 2255 motion with a district court. *Mendoza v. United States*, No. CR 06-167, 2017 WL 1293575, at *2 (W.D. Pa. Apr. 6, 2017). In particular, as applicable to this case, 28 U.S.C. § 2255(h) requires a petitioner to obtain certification from the appropriate court of appeals *before* filing a second or successive § 2255 motion. *Id*. (emphasis in original). The court of appeals, not the district court, must certify that the second § 2255 motion meets the statutory requirements. The statute provides, in relevant part:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

  (2) a new rule of constitutional law, **made retroactive to cases on collateral review by the Supreme Court**, that was previously unavailable.

28 U.S.C. § 2255(h).

District courts lack subject-matter jurisdiction to consider an unauthorized second or successive § 2255 motion. *Mendoza*, 2017 WL 1293575, at *2 (citing *In re Olabode*, 325 F.3d 166, 169 (3d Cir. 2003); *Lugo v. Zickefoose*, 427 F. App'x 89, 92 (3d Cir. 2011) ("We also agree with the District Court's ultimate conclusion that it lacked subject matter jurisdiction over the petition, treated as a second or successive § 2255 motion."). In sum, if Alford does not show that he already obtained authorization from the Third Circuit Court of Appeals to file a second or successive § 2255 motion, this court is not empowered to decide the motion.

In *Mendoza*, the court explained that once the court determines that a petitioner's filing is an unauthorized second or successive § 2255 motion, it may proceed by either (1) dismissing the motion for lack of subject-matter jurisdiction, or (2) transferring the motion to the court of appeals pursuant to 28 U.S.C. § 1631 for consideration as an application to file a second or successive petition. *Id.* (citing *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)). In deciding which option to implement, the court should evaluate whether the petitioner has alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255(h) (i.e., newly discovered evidence or a new rule of constitutional law).

*United States v. Alford*, Crim. No. 08-374, Opinion dated January 14, 2020 (ECF No. 1265)

(emphasis added).

## III.    Legal Analysis

This court lacks jurisdiction to grant permission for Kelly to file a second or successive § 2255 motion– only the Third Circuit Court of Appeals may do so. This court's options are limited to: (1) dismissing the motion for lack of subject-matter jurisdiction, or (2) transferring the motion to the court of appeals. The court will dismiss the motion because it concludes that Kelly failed to allege facts sufficient to bring his petition within the gatekeeping requirement of § 2255(h) (i.e., newly discovered evidence or a new, retroactive rule of constitutional law). To the extent that Kelly's request is limited to appointment of counsel, the motion will be denied because it would be futile.

4

Kelly's conviction after a jury trial occurred in April 2012.  The Supreme Court's decision in *Alleyne* was issued more than a year later, in July 2013.  At the time Kelly was convicted, the law in the Third Circuit Court of Appeals required the jury to find only the amount of drugs involved in the conspiracy as a whole.  *See Whitted*, 436 F. App'x at 105.  As noted above, Kelly (after a colloquy) elected not to have the jury determine the amount attributable individually to him.

In *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014), the Third Circuit Court of Appeals explained that *Alleyne* did announce a new rule of constitutional law.  The court explained:

> In *Alleyne*, the Supreme Court overruled its prior precedent, *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and clarified that, under the Sixth Amendment, " 'any facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime" and must be found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2160 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).

*Id.* at 212.  A drug quantity that triggers a statutory minimum sentence increases the range of penalties, and therefore must be found by a jury.  *Alleyne*, 570 U.S. at 112.

The court in *Reyes* determined, however, that *Alleyne* was "not retroactively applicable to cases on collateral review."  *Reyes*, 755 F.3d at 212.  The court explained that *Alleyne* was an extension of *Apprendi*; the new rule was procedural, rather than substantive; and it did not fall within the narrow category of "watershed rules" of criminal procedure.  *Id.*  Because the rule in *Alleyne* is not retroactive to cases on collateral review, it cannot serve as the basis for Kelly's pending § 2255 motion.

The court in *Reyes* explained that "[w]hen the Supreme Court announces a new rule of law, it generally applies to cases still on direct review."  *Id.* at 213.  Kelly's direct appeal was not

5

resolved until December 2015 (*see* Opinion affirming his conviction and sentence, ECF No. 1111).  Kelly could have raised the *Alleyne* issue in his direct appeal, but he did not do so.  An issue that could have been raised on direct appeal, but was not, is subject to procedural default. *United States v. Sokolow*, 1999 WL 167677 at *1 (E.D. Pa. Mar. 23, 1999) (citing *United States v. Frady*, 456 U.S. 152, 162–67 (1982)). Procedurally defaulted claims are waived unless a habeas petitioner demonstrates either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent. *Parkin v. United States*, 565 F. App'x 149, 151 (3d Cir. 2014). Kelly did not demonstrate any basis to overcome his procedural default of the *Alleyne* argument.

Upon consideration, the court concludes that Kelly failed to satisfy the gatekeeping requirements for filing a second or successive § 2255 motion.  His motion will therefore be dismissed for lack of subject-matter jurisdiction.

There is no constitutional right to counsel in a § 2255 proceeding.  A district court has discretion under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel if "the interests of justice so require."  In deciding whether the grant such a request, the court must decide "if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *McAdams v. United States*, No. 09-737-001, 2016 WL 240877, at *6 (D.N.J. Jan. 20, 2016) (quoting *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)).  For the reasons set forth above, the court concludes that appointment of counsel will not benefit Kelly or the court and, therefore, Kelly's request for appointment of counsel to assist him in filing an unauthorized second or successive § 2255 motion will be denied.

IV.     **Conclusion**

For the reasons set forth above, the pro se § 2255 motion filed by Kelly and his request for appointment of counsel  (ECF No. 1413) will be DENIED.   Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Because Kelly did not meet this standard, a certificate of appealability will not issue.  Civil Action No. 22-590 will be marked closed.

An appropriate order follows.

By the court:

September 8, 2022                                        /s/ JOY FLOWERS CONTI
                                                        Joy Flowers Conti
                                                        Senior United States District Judge