IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.  08-374-12 |
| | ) | Civil No. 22-590 |
| JEROME LAMONT KELLY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Pending before the court is a motion for reconsideration (ECF No. 1444) filed pro se by defendant Jerome Lamont Kelly ("Kelly"). The government filed a response in opposition to the motion (ECF No. 1449) and the motion is ripe for disposition.

There have been extensive post-conviction proceedings in this case. On July 30, 2019, the court issued an extensive opinion and order which denied Kelly's § 2255 motion (ECF Nos. 1244, 1247). The court of appeals declined to issue a certificate of appealability, explaining that Kelly failed to make a substantial showing that his constitutional rights were violated (ECF No. 1264).

On April 20, 2022, Kelly filed a pro se motion that was difficult to construe (ECF No. 1413). Kelly presented substantive legal arguments in support of his contention that his conviction and sentence are illegal based on *Alleyne v. United States*, 570 U.S. 99 (2013). The court interpreted the motion as a § 2255 motion to vacate his conviction and sentence and the clerk's office opened Civil Action No. 22-590. The government interpreted Kelly's motion as seeking appointment of counsel, although the government argued that the court lacks subject-matter jurisdiction to consider a second or successive § 2255 motion by Kelly (ECF No. 1417). On September 8, 2022, the court issued an opinion and order, denying Kelly's motion (ECF No.

1439, 1440). Kelly filed the pending motion for reconsideration, contending that his motion at ECF No. 1413 was limited to a request for appointment of counsel.

In its September 8, 2022 opinion, after reviewing the applicable procedural history, the court explained that it lacks jurisdiction to grant permission for Kelly to file a second or successive § 2255 motion– only the Third Circuit Court of Appeals may do so. The court dismissed Kelly's motion because it concluded that Kelly failed to allege facts sufficient to bring his petition within the gatekeeping requirement of § 2255(h) (i.e., newly discovered evidence or a new, <u>retroactive</u> rule of constitutional law). The court noted that "[t]o the extent that Kelly's request is limited to appointment of counsel, the motion will be denied because it would be futile." (ECF No. 1439 at 4).

The court will grant Kelly's motion for reconsideration in part, to the extent that his motion at ECF No. 1413 will be limited to a request for appointment of counsel. As noted above, Kelly's motion was difficult to understand. Although Kelly again made extensive substantive legal arguments in his motion for reconsideration,[1] his clarification that he seeks only appointment of counsel will be accepted by the court.

Kelly's motion for reconsideration will be denied in all other respects. Kelly did not articulate any new reason why counsel should be appointed -- presumably, he continues to seek counsel to assist him with pursuit of relief under § 2255. As the court explained in the September 8, 2022 opinion, counsel will not be appointed because it would be futile:

> There is no constitutional right to counsel in a § 2255 proceeding. A district court has discretion under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel if "the interests of justice so require." In deciding whether the grant such a request, the court must decide "if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *McAdams v. United States*, No. 09-737-001, 2016 WL 240877, at *6 (D.N.J. Jan.

---

[1] Kelly asserts substantive legal arguments about *Alleyne*, retroactivity and alleged ineffective assistance of counsel (ECF No. 1444).

20, 2016) (quoting *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)).  For the reasons set forth above, the court concludes that appointment of counsel will not benefit Kelly or the court and, therefore, Kelly's request for appointment of counsel to assist him in filing an unauthorized second or successive § 2255 motion will be denied.

(ECF No. 1439 at 6).  Kelly did not articulate any clear error or manifest injustice in the court's analysis.  The court adheres to its analysis and concludes that under these circumstances, the appointment of counsel is not warranted.

**Conclusion**

For the reasons set forth above, the pro se motion for reconsideration filed by Kelly (ECF No. 1444) will be GRANTED IN PART, in that his motion at ECF No. 1413 will be construed as a request for appointment of counsel and not as a § 2255 motion, and DENIED in all other respects.  The court adheres to its conclusion that under these circumstances, the appointment of counsel is not warranted.

An appropriate order follows.

By the Court:

November 29, 2022

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge