IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,            )
                                     )
           v.                        )        Criminal No.   08-374-12
                                     )
JEROME LAMONT KELLY,                 )
                                     )
           Defendant.                )

**MEMORANDUM OPINION**

Pending before the court is a motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 1536) filed pro se by convicted defendant Jerome Lamont Kelly ("Kelly").  Kelly argues that this court failed to adhere to the rule articulated in *Alleyne v. United States*, 570 U.S. 99 (2013), by attributing 8.5 kilograms of cocaine to him, thus increasing his mandatory minimum sentence without a jury finding (ECF No. 1536 at 5).  The government filed a response in opposition to the motion (ECF No. 1538) and the motion is ripe for disposition.

Procedural History

There have been extensive post-conviction proceedings in this case and the court previously considered Kelly's arguments based on *Alleyne*.  On July 30, 2019, the court issued an extensive opinion and order which denied Kelly's first § 2255 motion (ECF Nos. 1244, 1247).  In relevant part, this court explained:

> Kelly also advanced a claim in his reply brief based on *Alleyene*, 570 U.S. at 99, with respect to the amount of cocaine attributed to him.  The government argues that Kelly waived this issue at trial.  On April 13, 2012, the court engaged in a discussion with the parties about charging the jury on lesser included offenses. Kelly, after consulting with counsel and a colloquy with the court, knowingly agreed to give up the opportunity to be found guilty of a lesser offense based on a lower quantity of cocaine.

ECF No. 1244 at 15-16. The court of appeals declined to issue a certificate of appealability of the denial of Kelly's § 2255 motion, explaining that Kelly failed to make a substantial showing that his constitutional rights were violated (ECF No. 1264).

On September 8, 2022, the court issued an opinion and order denying Kelly's renewed arguments in support of his contention that his conviction and sentence are illegal based on *Alleyne* (ECF No. 1439, 1440). The court explained that it lacks jurisdiction to grant permission for Kelly to file a second or successive § 2255 motion– only the Third Circuit Court of Appeals may do so. The court dismissed Kelly's motion because it concluded that Kelly failed to allege facts sufficient to bring his petition within the gatekeeping requirement of § 2255(h) (i.e., newly discovered evidence or a new, retroactive rule of constitutional law). The court explained that *Alleyne* was not retroactive and that Kelly could have raised his *Alleyne* argument in his direct appeal:

> The court in *Reyes* determined, however, that *Alleyne* was "not retroactively applicable to cases on collateral review." *Reyes*, 755 F.3d at 212. The court explained that *Alleyne* was an extension of *Apprendi*; the new rule was procedural, rather than substantive; and it did not fall within the narrow category of "watershed rules" of criminal procedure. *Id.* Because the rule in *Alleyne* is not retroactive to cases on collateral review, it cannot serve as the basis for Kelly's pending § 2255 motion. The court in *Reyes* explained that "[w]hen the Supreme Court announces a new rule of law, it generally applies to cases still on direct review." *Id.* at 213. Kelly's direct appeal was not resolved until December 2015 (*see* Opinion affirming his conviction and sentence, ECF No. 1111). Kelly could have raised the Alleyne issue in his direct appeal, but he did not do so.

ECF No. 1349 at 5-6. The court noted that to the extent that Kelly sought appointment of counsel to pursue relief under *Alleyne*, the motion would be denied as futile (ECF No. 1439 at 4).

2

Discussion

As explained above, this court already considered Kelly's arguments premised on *Alleyne*. Kelly's attempt to revisit those arguments, for a third time, under the guise of Federal Rule of Civil Procedure 60(b)(6), is unavailing. Rule 60 cannot be used to evade the limits on second or successive habeas petitions:

> "Habeas petitioners are generally entitled to 'one fair opportunity' to litigate the merits of their postconviction claims in federal court." *Rivers v. Guerrero*, 605 U.S. 443, 450 (2025) (citing *Banister v. Davis*, 590 U.S. 504, 507 (2020)). A petitioner who wishes to file "a second or successive [§ 2255] application ... in the district court ... [must] move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see Rivers*, 605 U.S. at 450; 28 U.S.C. § 2255(h) (applying to § 2255 motions the same limits applicable to state prisoners seeking habeas relief).

> "The phrase 'second or successive application', on which all this rides, is a 'term of art,' which is not self-defining[,]" and "does not simply 'refer' to all habeas filings made 'second or successively in time,' following an initial application." *Banister*, 590 U.S. at 511 (citations omitted). But a Rule 60(b) motion (filed after a final judgment has issued) should be treated as a second or successive petition if it "seeks to add a new ground for relief ... or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal habeas proceedings' integrity." *Gonzalez*, 545 U.S. at 532 (emphasis in original).

*United States v. Boyle*, No. CR 2:17-197, 2026 WL 1537188, at *3 (E.D. Pa. June 1, 2026).

In the pending motion, Kelly unambiguously attacks this court's previous resolution on the merits of his underlying conviction. The motion, therefore, should be treated as a second or successive § 2255 habeas petition. This court lacks jurisdiction to grant permission for Kelly to file a second or successive § 2255 motion– only the Third Circuit Court of Appeals may do so. Kelly is not entitled to relief from this court.

3

**<u>Conclusion</u>**

For the reasons set forth above, the motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 1536), will be treated as a second or successive habeas petition and will be DENIED.

An appropriate order follows.

By the Court:

July 14, 2026                                       <u>/s/ JOY FLOWERS CONTI</u>
Joy Flowers Conti
Senior United States District Judge